UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**            'O'

| Case No. | 2:14-cv-03595-CAS(MANx) | Date | January 6, 2015 |
|---|---|---|---|
| Title | SHANE VALDEZ V. SAXON MORTGAGE SERVICES, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:            Attorneys Present for Defendants:

Not Present                                Not Present

**Proceedings:** (IN CHAMBERS): DEFENDANTS OCWEN LOAN SERVICING, LLC AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR STAY AS TO CLAIMS AGAINST THEM (filed December 15, 2014, dkt. 127)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7–15. Accordingly, the hearing date of January 12, 2015 is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION & BACKGROUND

On May 9, 2014, plaintiffs Shane and Cecilia Valdez filed this putative class action against defendants Saxon Mortgage Services, Inc. ("Saxon"), Deutsche Bank Trust Company Americas ("Deutsche Bank"), Ocwen Loan Servicing LLC ("Ocwen"), and American Security Insurance Company ("ASIC."). Dkt. 1.[1] By order dated September 29, 2014, the Court granted in part and denied in part defendants' several motions to dismiss plaintiffs' complaint. Dkt. 108. The Court dismissed the claims without prejudice, granting plaintiffs leave to amend. Id. On October 14, 2014, plaintiffs subsequently filed a first amended complaint ("FAC") asserting the following claims: (1) unfair business practices in violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq., against all defendants; (2) breach of contract, including the implied covenant of good faith and fair dealing, against Ocwen; (3) unjust enrichment/disgorgement, against ASIC; (4) and declaratory and injunctive relief, against

---

[1] On August 24, 2014, plaintiff voluntarily dismissed the following three defendants that were named in the original complaint: Morgan Stanley, Ocwen Financial Corporation, and Assurant, Inc. Dkts. 85-87. Cecilia Valdez, though not originally a named plaintiff, has since joined her husband in this action. Dkt. 109.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-03595-CAS(MANx) | Date | January 6, 2015 |
|---|---|---|---|
| Title | SHANE VALDEZ V. SAXON MORTGAGE SERVICES, INC. ET AL. | | |

all defendants. Dkt. 109. The gravamen of plaintiffs' complaint is that defendant lenders and mortgage servicers—i.e., Deutsche Bank, Saxon, and Ocwen—entered into collusive agreements with ASIC to force place inflated and unnecessary hazard insurance policies on class members' properties.[2] Each defendant filed an answer to plaintiffs' FAC on October 31, 2014. Dkts. 115-118.

By order dated November 3, 2014, this Court granted plaintiffs' unopposed application for appointment of interim class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3). Dkt. 120. In so doing, the Court appointed Squitieri & Fearon, LLP as interim class counsel and appointed Shepherd, Finkelman, Miller & Shah, LLP as interim liaison counsel. Id.

On December 15, 2014, defendants Ocwen and Deutsche Bank filed a motion to stay this action as to claims asserted against them for 90 days. Dkt. 127. Defendants assert that a stay should be granted because Ocwen has reached a settlement in principle in another class action involving force placed insurance policies—Lee v. Ocwen Loan Servicing, LLC, Assurant, Inc. and American Security Insurance Co., Case No. 0:14-cv-60649-JAL ("Lee")—which is currently pending in the U.S. District Court for the Southern District of Florida. Plaintiffs opposed this motion on December 22, 2014, dkt. 129, and defendants replied on December 29, 2014, dkt. 130. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Courts have the power to stay ongoing proceedings "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am.

---

[2] As a condition of funding borrowers' loans, mortgagees require borrowers to purchase and agree to maintain hazard insurance coverage on their secured property. FAC ¶ 38. To ensure that the lender's interest in the secured property is protected, mortgage loan contracts typically allow the lender or third-party servicer to "force place" insurance policies when the homeowner fails to maintain the required insurance. Id. ¶ 39. The amounts disbursed for the procurement of such insurance becomes additional debt secured by the mortgage. Id. These force-placed insurance ("FPI") policies are also referred to as lender-placed insurance ("LPI") policies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         **'O'**

| Case No. | 2:14-cv-03595-CAS(MANx) | Date | January 6, 2015 |
|---|---|---|---|
| Title | SHANE VALDEZ V. SAXON MORTGAGE SERVICES, INC. ET AL. | | |

Co., 299 U.S. 248, 254 (1936).  The power to stay ongoing proceedings extends to stays pending resolution of separate judicial proceedings, and does not require the issues in such proceedings to be determinative of the action before the court.  Leyva v. Certified Grocers, 593 F.2d 857, 863–64 (9th Cir.1979).  In determining whether a stay is appropriate, the court must weigh various competing interests, including: (1) the possible damage which may result from granting the stay; (2) the hardship to the parties if the suit is allowed to proceed; and (3) the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir.2005).

### III.   DISCUSSION

Defendants argue that the instant proceedings should be stayed because the issues in Lee are effectively the same as those here, such that a final settlement in Lee will resolve many of the claims in this case, except insofar as individual plaintiffs opt out of any Lee settlement.  Mot. Stay at 1-3.  Accordingly, defendants assert that a stay will conserve judicial resources without causing prejudice to plaintiffs.  Id. at 3-4.  In opposition, plaintiffs contend that the stay requested by defendants is functionally indefinite, since the settlement has not been approved, thus prejudicing their ability to obtain expedient discovery.  Opp'n Stay at 11.  Plaintiffs also assert that a stay would result in piecemeal litigation of the instant action, since only two of the four defendants seek a stay.  Id. at 17.  Finally, plaintiffs argue that Ocwen and Deutsche Bank's desire not "to litigate two cases at once" is an insufficient basis for a stay.  Id. at 15-16.[3]

---

[3] Plaintiffs' opposition devotes significant attention to the argument that a stay should be denied because the tentative Lee settlement is unfair and harms the interests of the putative California class—interests which they are required to protect as interim class counsel.  See Opp'n Stay at 1-15.  In turn, moving defendants assert that the alleged unfairness of the proposed Lee settlement is irrelevant to the instant motion.  See generally Defs' Reply.  The Court agrees with defendants.  The fairness of the Lee settlement is not a proper subject for this Court's consideration, and if plaintiffs' counsel believes that the interests of the putative California class are harmed by that settlement, this issue should be presented to the Lee court by way of a timely objection.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 2:14-cv-03595-CAS(MANx) | Date | January 6, 2015 |
|---|---|---|---|
| Title | SHANE VALDEZ V. SAXON MORTGAGE SERVICES, INC. ET AL. | | |

The Court concludes that a stay would be inappropriate in this instance. As defendants must concede, the Lee settlement has not yet received final, let alone preliminary, approval. Moreover, only Ocwen and Deutsche Bank—two of the four named defendants in this action—have requested a stay. Plaintiffs' claim for violation of the UCL and request for declaratory relief, however, is common to all four defendants. It thus appears that staying the claims against Ocwen and Deutsche Bank, while proceeding with the claims against ASIC and Saxon, could indeed lead to piecemeal adjudication of this action.

The Court recognizes that at least two other federal district courts have entered stays in FPI cases where tentative class settlements involving FPI are pending in other jurisdictions. See In re JPMorgan Chase LPI Hazard Litig., 2013 WL 3829271 (N.D. Cal. July 23, 2013) (staying action for sixty days); Ali v. Wells Fargo Bank, N.A., 2014 WL 819385 (W.D. Okla. Mar. 3, 2014) (staying litigation pending approval of settlement and closing the case). In both cases, the courts noted that approval of the settlements in the parallel FPI proceedings was likely to resolve all the issues pending before them. In re JPMorgan Chase LPI Hazard Litg., 2013 WL 3829271, at *5 (N.D. Cal. July 23, 2013) ("[A] settlement . . . will obviate any further litigation of issues in this case."); Ali, 2014 WL 819385, at *2 (W.D. Okla. Mar. 3, 2014) ("[I]f the settlement . . . is approved, it will likely preclude all claims of the class Plaintiff seeks to represent in this case, and will resolve Plaintiff's claims unless she opts out of the certified class."). Here, in contrast, the Lee settlement will not resolve all of plaintiffs' claims; rather, as moving defendants argue, the Lee settlement "if approved, will resolve claims against Ocwen [] and Deutsche Bank [] . . . ." Mot. Stay at 1.

Moreover, it appears to the Court that the only hardship defendants assert they will suffer is the cost of proceeding with the instant action. Although couched in terms of judicial economy, defendants complain that plaintiffs have served them with "broad sets of document requests and interrogatories," rendering it likely that the parties "may soon bring motions to compel or for protective order, or both." Mot. Stay at 4. A party seeking a stay, however, must rely on more than "the intrinsic inconvenience arising from involvement in litigation." Salinas v. City of San Jose, 2012 WL 2906052, at *2 (N.D. Cal. July 13, 2012) (citing Lockyer , 398 F.3d at 1112) ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                     'O'

| Case No. | 2:14-cv-03595-CAS(MANx) | Date | January 6, 2015 |
|---|---|---|---|
| Title | SHANE VALDEZ V. SAXON MORTGAGE SERVICES, INC. ET AL. | | |

Because it appears that plaintiffs' action will proceed in this Court regardless of whether the Lee settlement is ultimately approved—and because the only hardship proffered by moving defendants is the inconvenience of litigating two potentially duplicative actions—the Court DENIES defendants' request for a stay.

## IV.   CONCLUSION

In accordance with the foregoing, the Court DENIES Ocwen and Duetsche Bank's motion to stay the case as to claims asserted against them.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |