**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHANE VALDEZ and CECILIA VALDEZ, on behalf of themselves and as representatives of the Class,<br><br>     Plaintiffs,<br>  v.<br><br>SAXON MORTGAGE SERVICES, INC., *et al.*,<br><br>     Defendants. | Case No. 2:14-cv-03595-CAS-MAN<br><br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE STIPULATION OF THE PARTIES** |

  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation") filed on April 30, 2015, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 5, 6, 10(c) (deleted), 14, and 15(b) of, and Attachment A to, the Stipulation.

  The parties are expressly cautioned that the designation of any information, document, or thing as CONFIDENTIAL or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information,

document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as CONFIDENTIAL or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The Court has stricken the parties' good cause statement because: the Court may only enter a protective order upon a showing of good cause, Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing); and a specific showing of good cause or compelling reasons (see below), **with proper evidentiary support and legal justification**, must be made with respect to each document or item designated as CONFIDENTIAL or other designation(s) used by the parties, which a party seeks to have filed under seal. The parties' mere designation of any information, document, or thing as CONFIDENTIAL or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the

party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order ("Order"), in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

Further, notwithstanding any other provision of this Order, no obligation is imposed on the Court or its personnel beyond those imposed by the Court's general practices and procedures.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE CHRISTINA A. SNYDER, UNITED STATES DISTRICT JUDGE.**

\\
\\
\\
\\
\\

# AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

**1.    Scope.**  All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "Documents"), shall be subject to this Order concerning confidential information as set forth below.  The protections conferred by this Order also cover any information copied or extracted from CONFIDENTIAL Documents.  The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.  Notwithstanding any provision contained herein, nothing in this Order shall restrict in any way the right of a party to make use of discovery material (including CONFIDENTIAL Documents) that it has produced in any way it deems fit.

**2.    Form and Timing of Designation of All Documents Other Than Depositions.**  A party or non-party may designate Documents as confidential and restricted in disclosure under this Order by placing or affixing the word "CONFIDENTIAL" on the Document in a manner that will not interfere with the legibility of the Document and that will permit complete removal of the CONFIDENTIAL designation.  Documents may be designated CONFIDENTIAL at any time. Only upon designation of a Document as CONFIDENTIAL will the protections of this Order apply.  The designation does not mean that the Document has any status or protection by statute or otherwise except to the extent provided by, and for the purposes of, this Order.

---

[1]   The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

**3.     Documents Which May be Designated CONFIDENTIAL.**  Any party or non-party may designate Documents as CONFIDENTIAL upon making a good-faith determination that the Documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and other information or Documents that are publicly available may not be designated as CONFIDENTIAL.

**4.     Form and Timing of Designation of Depositions.**  Deposition testimony shall be deemed CONFIDENTIAL only if designated as such orally before the close of the deposition or in writing within thirty (30) days of the receiving party's receipt of a deposition transcript. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL. Except to the extent the parties otherwise agree, the entire transcript of any deposition shall be treated as CONFIDENTIAL until thirty (30) days after the court reporter's release of the transcript. Thereafter, the deposition transcripts and any portions so designated shall be protected as CONFIDENTIAL, pending objection, under the terms of this Order.

**5.     Protection of Confidential Material.**

    **(a)     General Protections.**  Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for **trial in this action, and any appeal thereof,** and to **prepare for and** conduct discovery and trial in this action, including any appeal thereof.

    **(b)     Limited Third-Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL Documents to anyone other than the following:

  **(1)**   **The Court and Court Personnel**;

  **(2)**   **Counsel.** Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

  **(3)**   **Litigation Support Vendors.** Litigation support personnel and firms, such as copying services, imaging services, coding services, and document hosting vendors, provided such firms have a confidentiality policy in place;

  **(4)**   **Parties.** Parties and current or former employees of a party to this Order;[1]

  **(5)**   **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

  **(6)**   **Consultants, Investigators, and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

  **(7)**   **Authors/Recipients**. As to any document, its author, its addressee(s), and any other person indicated on the face of the document as having received a copy;

---

[1] Provided, however, that CONFIDENTIAL Documents containing trade secrets or other sensitive competitive or confidential information pertaining to an insurance company shall not be disclosed to any other insurance company (or its counsel), even if either (or both) insurance company is a party to this action, unless the adversely-affected insurance company consents to such disclosure in writing.

**(8) Witnesses and Potential Witnesses**.  Witnesses at or in preparation for any deposition or hearing in the action or any other person who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, or as reasonably necessary for the purpose of factual investigation.  Counsel for a party shall advise such witness or potential witness of the terms of this protective order and shall only share such CONFIDENTIAL Documents if the witness or potential witness agrees to be bound;

**(9) Insurers**.  **Subject to the restrictions in footnote 1,** any person carrying on an insurance business that may be liable to satisfy part or all of any judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy a judgment;

**(10) Mediators, arbitrators, or discovery masters** (and their support staff), if any, assisting in this action; and

**(11) Others by Consent.**  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

**(c)** **Control of Documents.**  Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Documents designated as CONFIDENTIAL pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one year after dismissal of the action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

**(d)** **Copies.**  Prior to production, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to

collectively as "copies") of Documents designated as CONFIDENTIAL under this Order, or any individual portion of such a Document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of Documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of CONFIDENTIAL Documents or otherwise disclose the substance of the confidential information contained in those Documents.

**(e) Unauthorized Disclosure of CONFIDENTIAL Documents.** If a receiving party learns that, by inadvertence or otherwise, it has disclosed Documents that were designated CONFIDENTIAL at the time of disclosure to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the CONFIDENTIAL Documents, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**(f) Inadvertent Production of Privileged or Otherwise Protected Materials.** Consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, in the event a producing party inadvertently discloses information subject to the attorney-client privilege, attorney work product doctrine, or other applicable privilege or immunity, such inadvertent disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the producing party would otherwise be entitled to assert with respect to the inadvertently disclosed

information and its subject matter. Where it appears on its face that the information was inadvertently disclosed, or the producing party informs the receiving party that privileged or other protected information has been disclosed, the receiving party (i) must promptly return or destroy the specified information and any copies thereof, (ii) must not use or disclose the information until the claim of privilege or other protection is resolved, (iii) must take reasonable steps to retrieve any such information that was disclosed or distributed before the receiving party was notified of the claim of privilege or other protection and prevent any further dissemination of the information, and (iv) may promptly present the information to the Court under seal for a determination of the claim of privilege or other protection. The producing party must preserve the information until the claim or privilege or other protection is resolved. Within five business days of the notification that such inadvertently produced information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the inadvertently disclosed information.

**6.     Filing of CONFIDENTIAL Documents Under Seal.** If any Document that is submitted to the Court by any party, including but not limited to deposition testimony, deposition exhibit, discovery request or response, motion, memorandum, affidavit, brief, or any other submission to the Court, includes, incorporates, or quotes confidential information (as defined herein), such submission shall be filed in accordance with Local Rule 79-5. The party filing or lodging any pleading or paper which contains any information or Document subject to this Protective Order shall comply with Local Rule 79-5.

**7.     Challenges to Designation as Confidential.** Any CONFIDENTIAL designation is subject to challenge by any party or non-party with standing to object. Failure by a party to challenge the confidentiality of any Document or information at the time of receipt thereof shall not preclude a subsequent challenge

thereto. Before filing any motions or objections to a confidentiality designation with the Court, the objector shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement pursuant to Local Rule 37-1. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any Documents subject to the objection, the designating party shall serve on all parties a notice specifying the Documents and the nature of the agreement. If the disagreement cannot be resolved in this fashion, the parties shall file a written joint stipulation containing all issues in dispute in conformity with Local Rule 37-2. Each party may then file a supplemental memorandum of law, pursuant to Local Rule 37-2.3. Nothing in this Protective Order affects or alters the burden on the designating party to establish the propriety of confidential treatment for any information or Document designated as confidential. Any information designated as such shall remain confidential under the provisions of this Protective Order until further order of the Court.

**8. Action by the Court.** Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any Documents produced or used in discovery or at trial.

**9. Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any Document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL Documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the Documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL Documents or information. The Court may thereafter make

such orders as are necessary to govern the use of such Documents or information at trial.

10. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Return of Documents.** Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Documents treated as CONFIDENTIAL under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the Document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to Documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the Documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy Documents, counsel may retain copies of any CONFIDENTIAL material that is (1) attached to any pleading, motion paper, or other submission filed with the Court; (2) included in correspondence with the Court or between the parties; (3) marked as an exhibit to a deposition or at trial. Counsel may also retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of CONFIDENTIAL Documents. This work product shall continue to be CONFIDENTIAL under this Order.

11. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 6-1.

**12. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Federal Rule of Civil Procedure 26(c) or otherwise until such time as the Court may rule on a specific Document or issue.

**13. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**14. CONFIDENTIAL Documents Subpoenaed Or Ordered Produced In Other Litigation.** If a party is served with a subpoena, court order, or other lawful process that requires disclosure of any Documents (or information derived from any Documents) designated in this action as "CONFIDENTIAL," that party must (a) promptly notify in writing the designating party, and include a copy of the subpoena, court order or other lawful process; (b) promptly notify in writing the party who caused the subpoena or order to issue that some or all of the material is subject to this Order, and include a copy of this Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party.

If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court or body from which the subpoena or order issued, unless the party has obtained the designating party's written consent. The designating party shall bear the burden and expense of seeking protection of the CONFIDENTIAL materials. **Nothing in this Protective Order should be construed as authorizing a receiving party in this action to disobey a lawful directive from another court.**

**15. Non-party Borrower Information.**

**(a)** The parties may produce certain records relating to individual mortgage loans and/or the servicing of those loans. The loan files, servicing records, and related documents contain non-public personal information pertaining to individual borrowers, and information that constitutes "nonpublic personal information" within the meaning of the Gramm Leach Bliley Act, 15 U.S.C. § 6802, *et seq.* and its implementing regulations, including, but not limited to, any portion of a loan file or other document which includes financial and/or credit information pertaining to individual borrowers (including any credit history, report or score obtained on any such borrowers to determine the individual's eligibility for credit) together with personally identifying information with respect to such borrowers, which may include, but is not limited to, names, addresses, Social Security numbers, telephone numbers, and places or positions of work. Any person (including non-parties) producing materials through discovery may designate loan files, servicing records, or related documents that it discloses during discovery in this matter as CONFIDENTIAL because the materials constitute, contain, reveal or evidence "nonpublic personal information."

**IT IS SO ORDERED.**

DATED: June 19, 2015

*Margaret A. Nagle*
Margaret A. Nagle
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

The undersigned declares under penalty of perjury that he/she has read in its entirety and understands the Protective Order that was issued by the United States District Court for the Central District of California on June 19, 2015 in the case of *Valdez, et al. v. Saxon Mortgage Services, Inc., et al.*, Case No.: 2:14-cv-03595-CAS-MAN. The undersigned agrees to comply with and to be bound by all the terms of this Protective Order and understands and acknowledges that failure to so comply could expose him/her to sanctions and punishment in the nature of contempt. The undersigned solemnly promises that he/she will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

The undersigned further agrees to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after the termination of this action. The undersigned hereby appoints _____ [print or type full name] of _____ [print or type full address and telephone number] as his/her California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Name (Printed/Typed): _____

Job Title: _____

Employer: _____

| | |
|---|---|
| 1 | Address: _____ |
| 2 | |
| 3 | _____ |
| 4 | |
| 5 | _____ |
| 6 | |
| 7 | Date: _____ |
| 8 | |
| 9 | City & State |
| 10 | |
| 11 | Where Signed: _____ |
| 12 | |
| 13 | |
| 14 | Signature: _____ |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |